(No. 1476—

FRED RICKENBERG, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*

RAY SESLER, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears that claimant was an inmate of the Illinois State Reformatory located at Pontiac, Illinois; that on the morning of Oct. 21st, 1927, at the direction of an officer of said institution the claimant was directed to enter at the manhole of one of the boilers of said institution for the purpose of cleaning out said boiler.; that while in the performance of his duties an explosion occurred and the claimant was very seriously burned on both legs, arms and abdomen and it appears that the injuries were permanent.

It appears that the claimant was considered a high grade prisoner performing his duties faithfully and while the defendant has the right to control and restrain him in accordance with the law, yet the claimant had the right to maintain his health and bodily strength. Therefore it would appear that he should be returned from his restraint as healthy in body as when he was committed.

This is sustained by a very strong letter written by the County Judge of Livingston County who speaks in very laudible terms of the character and efficiency of claimant and recommends that something should be done in his behalf. The record of claimant has been endorsed by officials of said institution.

The claimant urges that he should be given the opportunity of returning to society in a healthy condition as when he entered the said institution and claims that he should be awarded the sum of $5,000.00 as he is wholly incapable of supporting himself.

This court is reluctant about making an award of any kind under the circumstances but it is the belief of the court that in view of the fact of the very fine record of the claimant and that he was injured in the performance of a duty assigned to him by his superiors and that the court should consider the injuries under the Workmen's Compensation Act as the claimant was really working for the State performing a duty when he was injured.

The court is of the opinion and hereby recommends that claimant be awarded the sum of Two Thousand ($2,000.00) Dollars.